## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ELIJAH DEJON BURROW**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 18-2389**

**JOSEPH P. LOPINTO, ET AL.**                          **SECTION: "E"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Elijah Dejon Burrow, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He sued the following defendants: Jefferson Parish Sheriff Joseph P. Lopinto; the Jefferson Parish Sheriff's Office; and "Officer Mclin." In this lawsuit, plaintiff's statement of his claims, in its entirety, is as follows: "Officer Mclin punched me in my face, pulled down my pants in front of everybody, stood on my neck, laughed at me, put false charges on me, didn't return my property."[1]

With respect to actions filed *in forma pauperis*, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Federal law also mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] Rec. Doc. 1, p. 4.

governmental entity."  28 U.S.C. § 1915A(a).[2]  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that the complaint be dismissed for the following reasons.

### I.  Claims Against Jefferson Parish Sheriff Joseph P. Lopinto

As to his claims against Jefferson Parish Sheriff Joseph P. Lopinto, plaintiff does not indicate whether Sheriff Lopinto is being sued in his official capacity, his individual capacity, or both.  Nevertheless, the Court finds that plaintiff's allegations are insufficient to state a claim against Sheriff Lopinto in either capacity.

If Sheriff Lopinto is being sued in his official capacity, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, any official-capacity claim against Sheriff Lopinto would in reality be a claim against the local governmental body itself.  Maize v. Correct Health Jefferson, L.L.C., Civ. Action No. 13-5925, 2013 WL 6490549, at *2 (E.D. La. Dec. 10, 2013); see also Picard v. Gusman, Civ. Action No. 12-1966, 2012 WL 6504772, at *4 (E.D. La. Nov. 26, 2012), adopted, 2012 WL 6504528 (E.D. La. Dec. 13, 2012); Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010).  However, the United States Fifth Circuit Court of Appeals has explained:

---

[3] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted*. To satisfy the cause in fact requirement*, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against Sheriff Lopinto.

On the other hand, if Sheriff Lopinto is being sued in his individual capacity, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, there is no allegation that Sheriff Lopinto was in any way *personally involved*

4

in the actions on which plaintiff's claims are based.  Where, as here, a plaintiff merely lists an individual as a defendant but makes no factual allegations whatsoever against him, no cognizable claim has been stated against that defendant.  See, e.g., Hall v. Peck, Civ. Action No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), adopted, 2017 WL 788354 (E.D. La. Feb. 23, 2017); Reavis v. State of Louisiana, Civ. Action No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. June 8, 2016), adopted, 2016 WL 3524139 (E.D. La. June 28, 2016); White v. Gusman, Civ. Action No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014).  Accordingly, plaintiff has likewise failed to state a proper individual-capacity claim against Sheriff Lopinto.[4]

## II.  Claims Against the Jefferson Parish Sheriff's Office

Plaintiff has also named the Jefferson Parish Sheriff's Office as a defendant.  However, that is clearly improper, because "a sheriff's office is not a legal entity capable of being sued...." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); accord Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); Francois v. Jefferson Parish Sheriff's Office, Civ. Action No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued.").  Therefore, the claim against the sheriff's office is frivolous and fails to state a claim upon which relief may be granted. See, e.g., Hite v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 16-13828, 2016 WL 6892810, at *3 (E.D. La. Oct. 24, 2016), adopted, 2016 WL 6876660 (E.D. La. Nov. 22,

---

[4] Although Sheriff Lopinto is the head of the Jefferson Parish Sheriff's Office, that fact is not alone a sufficient basis to hold him liable under § 1983.  It is well established that a supervisory official may not be held liable pursuant to § 1983 under any theory of vicarious liability for federal civil rights violations allegedly committed by his subordinates. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

2016); <u>Kerr v. Orleans Parish Sheriff's Office, Prison</u>, Civ. Action No. 15-0746, 2015 WL 4755174, at *3-4 (E.D. La. Aug. 10, 2015).

### III.  Claims Against "Officer Mclin"

Lastly, plaintiff also named "Officer Mclin" as a defendant.  However, the United States Marshal was unable to effect service on that defendant because there is more than one individual with the surname "Mclin" employed at the Jefferson Parish Sheriff's Office.[5]  The Court therefore notified plaintiff of that fact and ordered him to provide the full name of the "Officer Mclin" intended as a defendant in this action.  The Court expressly warned plaintiff that noncompliance with that order or failure to show cause for noncompliance could result in dismissal of the claims against that defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[6]  **Plaintiff did not respond to that order.**

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[7]  Therefore, he is entitled to have service effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  That fact, however, does not relieve plaintiff of all responsibility regarding service.  Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and *attempt to remedy any apparent service defects of which a plaintiff has knowledge.*"  <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987)

---

[5] Rec. Doc. 13.
[6] Rec. Doc. 16.
[7] Rec. Doc. 6.

(emphasis added).  Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*.  Id.

More than ninety days have elapsed since this lawsuit was filed.  Despite the passage of that extensive period of time, plaintiff has not provided this Court or the United States Marshal with the information necessary to effect service on "Officer Mclin."  The Court gave plaintiff notice of the fact that "Officer Mclin" was not served, as well as an opportunity to cure that defect.  Nevertheless, plaintiff has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service.  Therefore, the failure to serve "Officer Mclin" results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of plaintiff.

Despite being given express notice that his claims against "Officer Mclin" could be dismissed unless plaintiff provided the required information or showed good cause for failing to do so, plaintiff failed to respond to the Court's notice.  Accordingly, this Court finds that dismissal of those claims is now appropriate.  See, e.g., Gipson v. Keith, 678 Fed. App'x 264, 266 (5th Cir. 2017); Triplett v. LeBlanc, 642 Fed. App'x 457, 459-60 (5th Cir. 2016); Armant v. Stalder, 351 Fed. App'x 958, 959 (5th Cir. 2009); Pines v. St. Tammany Parish Prison, Civ. Action No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against Jefferson Parish Sheriff Joseph P. Lopinto be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against the Jefferson Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against "Officer Mclin" be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of August, 2018.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**